# United States District Court for the
# Eastern District of Pennsylvania

| | |
|---|---|
| LEONETTI'S FROZEN FOODS, INC. | : |
| Plaintiff, | : CIVIL ACTION NO. |
| v. | : JURY TRIAL DEMANDED |
| AMERICAN KITCHEN DELIGHTS, INC. | : |
| Defendant. | : |

## COMPLAINT

Plaintiff Leonetti's Frozen Foods, Inc. ("Leonetti's"), by and through their undersigned counsel, hereby file this Complaint against Defendant American Kitchen Delights, Inc. ("AKDI"), and allege as follows:

### PARTIES

1.     Leonetti's is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal office and place of business at 5935 Woodland Ave., Philadelphia, PA 19143.

2.     AKDI is corporation that manufactures Ready-To-Eat Meals, Salads, and Sandwiches, with its principal place of business at 15320 Cooper Ave, Harvey, IL 60426.

## JURISDICTION AND VENUE

3.      Pursuant to 28 U.S.C. §1332(a)(1), this Court has jurisdiction of this action because the matter involves a controversy between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.      This Court has subject matter jurisdiction pursuant Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.  In addition, venue is proper as to AKDI because it regularly conducts business by shipping stromboli products into or through this judicial district.

## FACTS

## LEONETTI'S PREVIOUS RELATIONSHIP WITH MAGLIO

6.      Leonetti's manufactured and sold stromboli products under its own label since the early 1980's.

7.      Leonetti's sells stromboli products under its own label to food service and retail customers throughout the mid-Atlantic region.

8.      Leonetti's at all relevant times has been a direct competitor of AKDI with respect to all of the stromboli products AKDI manufactured on behalf of Maglio.

9.      Leonetti's manufactures all of its stromboli products by hand using only the finest ingredients.

10.     Leonetti's also manufactures food products for many other companies on a private label basis.

11.     Private label manufacturing agreements typically are where products are manufactured or provided by one company for offer under another company's brand.

12.     Leonetti's manufactured stromboli products using its proprietary recipes and formulas for Maglio Fresh Food d/b/a Maglio Sausage Company ("Maglio") from January 1, 2000 to October 2007.

## AKDI'S RELATIONSHIP WITH MAGLIO

13.     Beginning in late October or early November 2007, AKDI began manufacturing all of Maglio's stromboli products, both retail and food service, pursuant to a private label manufacturing agreement.

14.     The stromboli products manufactured by AKDI are packaged by AKDI and shipped to Maglio's warehouse located at 3632 South Third Street, Philadelphia, PA 19148.

15.     Maglio distributes the stromboli products manufactured by AKDI to food service and retail customers throughout the mid-Atlantic region.

16.     AKDI developed new stromboli products for Maglio that do not resemble the stromboli products Leonetti's previously manufactured for Maglio.

17.     The new stromboli products created by AKDI have different ingredients and nutrition facts than those previously manufactured by Leonetti's.

18.     The new stromboli products created by AKDI are folded differently, making them substantially different in appearance to the stromboli previously manufactured by Leonetti's.

19.     The new stromboli products created by AKDI are made using less meat and less expensive ingredients.

8219495v.1

20. Leonetti's discovered in or around June 2010 that AKDI was using the same exact packaging to distribute the new stromboli products as that used by Leonetti's when distributing stromboli under the Maglio Brand.

21. Leonetti's never gave Maglio or AKDI permission to use the images of Leonetti's hand-made stromboli to market and sell the new stromboli products developed by AKDI.

22. Leonetti's had no knowledge prior to June 2010 that AKDI was manufacturing and distributing stromboli products to Maglio using packages and labels that were in violation of federal law and which did not accurately reflect the products being sold to customers.

## AKDI'S VIOLATION OF FEDERAL LABELING LAW

23. All USDA-inspected products must be labeled with a USDA mark of inspection and the establishment number, which is assigned to the plant where the product was produced.

24. Federal labeling laws require that manufactures obtain proper approval when there are changes to any food products to ensure that the label is accurate.

25. The established procedure for using the existing inventory of boxes from a prior manufacturer is to obtain temporary label approval.

26. AKDI did not file any applications with the USDA to obtain temporary approval to use the boxes Leonetti's previously used to distribute stromboli under the Maglio Brand.

27. Instead, AKDI sought final label approval for the stromboli products, which included meatball and cheese, pepperoni and cheese and steak and cheese stromboli.

28. Prior to obtaining any approval from the USDA to manufacture or distribute stromboli for Maglio, AKDI manufactured and distributed products in violation of federal labeling law.

29.     Specifically, AKDI manufactured and distributed stromboli products for a major customer of Maglio, Sysco Foods, in October and early November 2007.

30.     Had AKDI not violated the labeling laws, the Sysco account would have been lost to Leonetti's.

31.     AKDI obtained label approval in late November 2007.

32.     That approval, however, was based upon inaccurate information supplied by AKDI as part of the label applications.

33.     AKDI never obtained proper approval to manufacture and distribute stromboli products in boxes containing pictures, ingredients and nutrition facts of stromboli made using Leonetti's proprietary recipes and formulas.

34.     AKDI continued to manufacture and distribute stromboli products in boxes that did not comply with federal law and which did not reflect the products manufactured by AKDI for almost four (4) years.

35.     AKDI's conduct of using pictures, ingredients and nutrition facts of stromboli previously manufactured by Leonetti's prevented customers from learning that the stromboli had changed.

36.     AKDI continued to benefit from the good-will created as a result of Leonetti's having previously manufactured a premium, hand-made stromboli for Maglio for almost Eight (8) years.

37.     AKDI's conduct had the effect of misleading and causing confusion among retail and food service customers.

## PHONY SAMPLES

38.     AKDI never advised any customers of the changes that were made to the stromboli products or that the stromboli it was putting inside the boxes did not match the label.

39.     Beginning in late 2007 or early 2008, AKDI learned that some food service customers were complaining about the new stromboli products.

40.     At least one customers, Sysco Foods, demanded that AKDI provide samples.

41.     Leonetti's also provided Sysco Foods with stromboli samples, which Sysco Foods found were consistent, looked great and were packed with ingredients.

42.     AKDI subsequently provided samples to Sysco in late January 2008.

43.     AKDI obtained samples of stromboli made by Leonetti's that were used as a model for providing its own samples to Sysco.

44.     AKDI, however, had no intention of making these samples in production and were only submitted for purposes of maintaining the account.

45.     AKDI's samples contained more ingredients, were made by hand and were folded differently than the stromboli AKDI actually manufactures and intended to manufacture for Sysco.

46.     Leonetti's lost this business opportunity as a direct result of the phony samples provided by AKDI.

47.     But for AKDI's deception, Leonetti's would have obtained the Sysco account.

48.     Upon information and belief, AKDI submitted phony samples to other food service customers, including US Foods and Aramark in an effort to either maintain or obtain business.

## USDA SANCTIONS

49.     On or about November 1, 2010, the USDA began an investigation of AKDI to determine whether the labels used by AKDI to manufacture stromboli for Maglio were accurate and properly approved.

50.     The USDA concluded its investigation on or about February 2, 2011 by finding that AKDI did not have proper approval for any of the labels, both food service and retail, that it had been using to manufacture Maglio Brand stromboli products since 2007.

51.     The USDA found twelve (12) different labeling violations.

52.     The USDA rescinded approval for both the retail and food service labels and refused to grant temporary label approval to AKDI, finding that the continued use of these label without modification would be misleading and could result in severe economic advantage in the market place.

## AKDI VIOLATES THE USDA DIRECTIVE

53.     Despite having no approval to manufacture or ship stromboli products upon receipt of the February 2, 2011, AKDI continued to manufacture and ship retail stromboli to Maglio.

54.     AKDI made at least three (3) shipments of retail stromboli using rescinded labels after learning of the February 2, 2011 Directive from the USDA.

55.     AKDI never stopped manufacturing and shipping food service stromboli to Maglio using the rescinded labels.

8219495v.1

**NEW PACKAGING**

56.     AKDI obtained new label approval from the USDA in early September 2011.

57.     Prior to obtaining label approval, AKDI submitted "special stromboli samples" to a photographer that were used to make new 16oz and 20oz stromboli boxes.

58.     The "special stromboli" contained additional ingredients and were folded differently than the stromboli depicted on the new boxes and that AKDI actual manufactures and ships to Maglio.

59.     AKDI began using these new boxes to manufacture and distribute 16oz and 20oz frozen stromboli to customers in early October, 2011.

60.     The new boxes contain representations and pictures that are substantially different than the products inside the boxes and which are in violation of federal labeling laws.

61.     Leonetti's continues to be harmed as a direct result of the false and deceptive packaging used by AKDI to manufacture and distribute its products to customers.

62.     The false and deceptive packaging previously used by AKDI and currently being used by AKDI have the purpose and effect of confusing customers, and increasing sales to the detriment of Leonetti's.

**COUNT I**
**(UNFAIR COMPETITION – LANHAM ACT)**

63.     Leonetti's incorporates by reference as if fully set forth the allegations of paragraphs 1 through 62 above.

64.     AKDI used packaging that contained false or misleading representations of fact, false designations of the origin of the stromboli products and false descriptions and representations of AKDI's products, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

-8-

65. Since November 1, 2007, AKDI has continuously used packaging to distribute Maglio Brand stromboli products that materially misrepresent the nature, characteristics, and qualities of the stromboli products manufactured by AKDI.

66. The original packaging used by AKDI also misrepresented to origins of the stromboli products by using pictures of a hand-made Philadelphia stromboli to market and sell a stromboli products originating in Illinois.

67. AKDI's original packaging which was used from November , 2007 through August 2011 misrepresented of the ingredients and nutrition facts for the stromboli products were literally false.

68. The pictures used by AKDI on both its old and new packaging to manufacture and distribute these stromboli products were misleading and in violation of federal law.

69. AKDI's misrepresentations were made in connection with commercial advertising or promotion.

70. AKDI's misrepresentations actually deceived and/or had the likelihood of deceiving food service and retail customers as well as the public.

71. AKDI's misrepresentation were likely to influence the purchasing decisions of the persons to whom it was disseminated.

72. AKDI's misrepresentations injured Leonetti's causing Leonetti's to lose customers and sales.

73. AKDI's misrepresentations were made in commerce.

74. AKDI deliberately engaged in conduct that has been and is malicious, willful, and/or in reckless disregard for Leonetti's rights, thus entitling Leonetti's to punitive damages against them

75.     AKDI deliberately violated the Lanham Act and any award in this action should be increased three times and reasonable attorney's fees awarded pursuant to 15 U.S.C. § 1117(a).

76.     As a result of AKDI's unjustified actions, Leonetti's has sustained damages, including, but not limited to, lost sales and business opportunities, as well as damage to its reputation, good-will, and brand quality.

**WHEREFORE**, Plaintiff Leonetti's Frozen Foods, Inc. demands that judgment be entered in favor of Leonetti's and against Defendants on Count I for an amount in excess of $75,000, together with reasonable attorney's fees, treble damages, AKDI's profits, Leonetti's lost profits, punitive damages, costs of the action, interest and all such other relief to which Leonetti's is entitled by law.

## COUNT II
## PENNSYLVANIA COMMON LAW UNFAIR COMPETITION

77.     Leonetti's incorporates by reference as if fully set forth the allegations of paragraphs 1 through 76 above.

78.     AKDI unfairly competed against Leonetti's by, among other things: (1) representing to customers and prospective customers that the stromboli manufactured by AKDI was the same stromboli as that previously manufactured for Maglio's by Leonetti's; (2) using pictures of Leonetti's proprietary stromboli products to market different and inferior stromboli products; (2) using phony samples to retain and obtain food service customers; (3) misbranding/mislabeling its stromboli products in violation of federal labeling laws; (4) violating federal law, including the Lanham Act; (5) continuing to distribute products after label approval was rescinded by the USDA; and (6) using new special stromboli samples as the picture used to distribute materially different stromboli.

8219495v.1

79.     AKDI's misrepresentations had the effect of confusing customers and was designed to mislead customers into believing they were purchasing products superior to those inside the boxes.

80.     AKDI's scheme to sell intentionally misrepresent the products they were selling through the use of false and misleading packages and labels prevented Leonetti's from being able to compete fairly against AKDI.

81.     AKDI's misrepresentations were made in connection with commercial advertising or promotion.

82.     AKDI's misrepresentations actually deceived and/or had the likelihood of deceiving food service and retail customers as well as the public.

83.     AKDI's misrepresentation were likely to influence the purchasing decisions of the persons to whom it was disseminated.

84.     AKDI's misrepresentations injured Leonetti's causing Leonetti's to lose customers and sales.

85.     AKDI's misrepresentations were made in commerce.

86.     AKDI deliberately engaged in conduct that has been and is malicious, willful, and/or in reckless disregard for Leonetti's rights, thus entitling Leonetti's to punitive damages against them.

87.     As a result of AKDI's unjustified actions, Leonetti's has sustained damages, including, but not limited to, lost sales and business opportunities, as well as damage to its reputation, good-will, and brand quality.

**WHEREFORE**, Plaintiff Leonetti's Frozen Foods, Inc. demands that judgment be entered in favor of Leonetti's and against Defendants on Count II for an amount in excess of

8219495v.1

$75,000, together with AKDI's profits, Leonetti's lost profits, punitive damages, costs of the action, interest and all such other relief to which Leonetti's is entitled by law.

WHITE AND WILLIAMS LLP

BY:   /s/Justin E. Proper
Justin E. Proper
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA  19103-7395
Phone: 215.864.7165
Attorneys for Plaintiff,
LEONETTI'S FROZEN FOODS, INC.

Dated: October 27, 2011

8219495v.1